UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AKIL C. JACKSON,
    Plaintiff,

 v.                Case No. 17-C-1515

BLOOMFIELD POLICE DEPARTMENT,
et al.,
    Defendants.

## DECISION AND ORDER

Akil Jackson, proceeding pro se, filed this suit against Aaron Hensen, an officer of the Bloomfield, Wisconsin, police department. Although his complaint is not entirely clear, Jackson appears to allege that Hensen committed violations of his constitutional rights during an arrest and subsequent prosecution for driving while intoxicated. Jackson also sues various other persons and entities, including the Bloomfield Police Department, Chief Cole, the assistant district attorney who prosecuted him (and the district attorney's office), the judge who presided over his trial, and the Walworth County Circuit Court. The plaintiff seeks money damages under 42 U.S.C. § 1983. Before me now are a number of motions that the parties have filed over the last few months.

First, Jackson has filed a motion to amend his complaint. However, the motion proposes only to add legal citations to the complaint, including a citation to 42 U.S.C. § 1983. A complaint does not need to cite legal authority or plead legal theories. Rather, the plaintiff may pursue his claims under these statutes even if he does not cite them in the complaint. Therefore, his proposed amendments are unnecessary, and his motion to amend will be denied.

Second, the Walworth County District Attorney, Zeke Wiedenfeld,[1] and his office have filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). I will grant this motion. An assistant district attorney has absolute immunity from suit against him in his personal capacity for actions taken during a criminal trial. See, e.g., Bianchi v. McQueen, 818 F.3d 309, 316 (7th Cir. 2016). Here, all of Jackson's allegations against Wiedenfeld involve his conduct during the course of the trial. To the extent plaintiff is suing Wiedenfeld in an official capacity, his claim fails because state officers in their official capacities are not "persons" within the meaning of § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Therefore, the claims against Wiedenfeld will be dismissed. As for the district attorney's office, it is not a suable entity. See Buchanan cv. City of Kenosha, 57 F. Supp. 2d 675, 678 (E.D. Wis. 1999). Moreover, even if it were, it would be an arm of the State of Wisconsin and therefore would not be a "person" within the meaning of § 1983. See Will, 491 U.S. at 71. Accordingly, the claims against the district attorney's office will be dismissed.

Third, the plaintiff has filed a motion to strike the affirmative defenses asserted in the answer of the Bloomfield Police Department. Federal Rule of Civil Procedure 12(f) allows a court to strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Bloomfield's affirmative defenses are none of these things. Therefore, the motion to strike will be denied.

Fourth, defendants Judge John Race and the Walworth County Circuit Court move to extend their time to file a responsive pleading. These defendants did not file a

---

[1] Wiedenfeld was the assistant district attorney who prosecuted the plaintiff. He has since been elected District Attorney of Walworth County.

response to the complaint within 21 days of being served, as required by Rule 12(a)(1)(A)(i). However, I may extend their time to respond if they show that their failure to file a timely response was caused by excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). The defendants state that their untimely filing was caused by a misunderstanding in the Wisconsin Department of Justice regarding who would be defending Judge Race and the circuit court. I find that this constitutes excusable neglect and therefore will deem their late-filed response to the complaint timely. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). For these reasons, I will also deny the plaintiff's motion to enter the defaults of Judge Race and the circuit court.

Fifth, Judge Race and the Walworth County Circuit Court have filed a motion to dismiss the claims against them. I will grant this motion. Like the district attorney's office, the county circuit court is an arm of the State of Wisconsin. Therefore, it is not a "person" suable under 42 U.S.C. § 1983. *Will*, 491 U.S. at 64. The same is true for Judge Race, to the extent he is being sued in his official capacity. Any personal-capacity claim against him would be barred by absolute judicial immunity, as the claims against him are based on his presiding over the plaintiff's trials. *See Myrick v. Greenwood*, 856 F.3d 487, 488 (7th Cir. 2017).

Sixth, the plaintiff has filed a motion to strike several filings made by the Bloomfield Police Department, Judge Race, and the Walworth County Circuit Court on the ground that he was not served with them, as required by Federal Rule of Civil Procedure 5. However, the defendants filed certificates of service showing that they mailed all of their filings to the plaintiff at his last known address. *See* ECF Nos. 7-1 &

32. Thus, the defendants properly served the documents, *see* Fed. R. Civ. P. 5(b)(2)(C), and the plaintiff's motion to strike will be denied.

Seventh, the plaintiff filed a "motion to challenge jurisdiction" relating to the Walworth County Circuit Court and Judge Race. I will deny this motion on the ground that it does not seek relief that is available in a federal civil case.

Eighth, the plaintiff filed a third motion to strike. This motion to strike is directed at a brief that the Bloomfield Police Department filed in opposition to a motion for entry of default that the plaintiff served on the department but did not file with the court. As the plaintiff has not filed his motion for entry of default with the court, it is not before me, and therefore I do not consider it or Bloomfield's brief in opposition. The plaintiff's motion to strike Bloomfield's brief is therefore moot.

Finally, I comment on the status of this case. Because I have dismissed Wiedenfeld, the district attorney's office, Judge Race, and the Walworth County Circuit Court, the only defendants remaining in the case are the Bloomfield Police Department, Officer Hensen, and Chief Cole. Of these remaining defendants, only the Bloomfield Police Department has appeared in the case. Perhaps the plaintiff has not completed service on Hensen and Cole. In this regard, I note that the plaintiff has not filed proof that he served Hensen and Cole (or any of the defendants, for that matter), as required by Federal Rule of Civil Procedure 4(*l*)(1). The plaintiff is hereby advised that if he does not, by **April 9, 2018**, file proof that he served Hensen and Cole with the summons and complaint, I will dismiss them from this action. Once the status of service on Hensen and Cole is resolved, I will set this case for a scheduling conference so that discovery may commence.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's motion to amend (ECF No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that Wiedenfeld's and the district attorney's office's motion to dismiss (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike the Bloomfield Police Department's affirmative defenses (ECF No. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for an extension of time filed by Judge Race and the Walworth County Circuit Court (ECF No. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for entry of default (ECF No. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to dismiss of Judge Race and the Walworth County Circuit Court (ECF No. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike certain filings by the defendants for lack of proper service (ECF No. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's "motion to challenge jurisdiction" (ECF No. 33) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike Bloomfield's brief in opposition (ECF No. 35) is **DENIED**.

**FINALLY, IT IS ORDERED** that if the plaintiff does not file proof of service of the summons and complaint on defendants Hensen and Cole by **April 9, 2018**, I will enter an order dismissing those defendants from this case.

Dated at Milwaukee, Wisconsin, this 19th day of March, 2018.

s/Lynn Adelman_____
LYNN ADELMAN
District Judge