# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**AKIL C. JACKSON,**
          **Plaintiff,**

     v.                                                 Case No. 17-C-1515

**BLOOMFIELD POLICE DEPARTMENT,**
**et al.,**
          **Defendants.**

---

## DECISION AND ORDER

Akil Jackson, proceeding pro se, commenced this action under 42 U.S.C. § 1983 on November 3, 2017. His complaint is unclear, but in general he appears to allege that, on November 3, 2011, an officer of the Bloomfield Police Department, Aaron Hensen, illegally arrested him on private property for driving while intoxicated. Jackson also alleges that Hensen stole money from him and falsified evidence of his guilt. However, Jackson has decided to not pursue a claim for damages against Hensen in his individual capacity. Although Jackson originally named Hensen as a defendant to this case, he never served him with the summons and complaint. When I warned Jackson that I would dismiss Hensen as a party for lack of service, Jackson moved to dismiss his claims against Hensen in his individual capacity. On August 15, 2018, I dismissed all claims against Hensen without prejudice for lack of service.

Although Jackson has elected not to pursue claims against Hensen, he has tried to pursue claims against other individuals and entities that were associated with his arrest and subsequent prosecution, namely, the Bloomfield Police Department, the chief of the department (who is identified in the complaint only as "Chief Cole"), the Walworth

County Circuit Court, Walworth County Circuit Court Judge Race, the Walworth County District Attorney's Office, and Walworth County District Attorney Zeke Wiedenfeld. In prior orders, I dismissed the plaintiff's claims against all of these defendants except the Bloomfield Police Department. Before me now are several motions: (1) the Bloomfield Police Department's motion to dismiss; (2) the plaintiff's motion for reconsideration of my order dismissing his claims against the Walworth County Circuit Court, Judge Race, the Walworth County District Attorney's Office, and District Attorney Wiedenfeld; and (3) the plaintiff's motion to amend his complaint to name the City of Elkhorn, the County of Walworth, and the Town of Bloomfield as defendants.

First, I address the Bloomfield Police Department's motion to dismiss. The basis for the motion is that a police department of a Wisconsin town is not a suable entity for purposes of § 1983. In general, municipal police departments are not suable entities. *See, e.g., Sow v. Fortville Police Department*, 636 F.3d 293, 300 (7th Cir. 2011), *Best v. City of Portland*, 554 F.3d 698 n* (7th Cir. 2009), *Grow v. City of Milwaukee*, 84 F. Supp. 2d 990, 995–96 (E.D. Wis. 2000). However, whether a particular department is suable is a question of state law. *Sow*, 636 F.3d at 300. The Wisconsin Statutes contain no provision granting a town police department the capacity to sue and be sued. Rather, the power to sue and be sued is vested in the town itself. *See* Wis. Stat. § 60.01(2)(a). Moreover, the plaintiff has pointed to no other source of state law granting the power to sue and be sued to the Town of Bloomfield Police Department. Accordingly, the Department's motion to dismiss will be granted.

Next, I address the related issue of whether Jackson should be granted leave to amend his complaint to name a municipality—which would be suable under § 1983—as

a defendant. Here, the proper municipality to substitute for the Bloomfield Police Department would seem to be the Town of Bloomfield, but the plaintiff also seeks leave to name the City of Elkhorn and the County of Walworth as defendants. I will not grant the plaintiff leave to amend to add any of these municipalities to the case. The original complaint contains no allegations suggesting any basis for liability against these municipalities under 42 U.S.C. § 1983. Although the Town of Bloomfield employed Officer Hensen, this fact alone is insufficient to render the town liable for any constitutional torts that Hensen may have committed in the course of his duties. *See Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 691 (1978). Rather, the town could be liable under § 1983 only if Henson's actions were taken pursuant to a town policy or custom. *Id.* at 694. The original complaint contains no factual allegations giving rise to a reasonable inference that Hensen's actions were taken pursuant to such a policy or custom. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint states a claim only if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable). Moreover, in his motion for leave to amend, Jackson does not identify any facts that he would allege in an amended complaint that would give rise to a reasonable inference that a town policy or custom was behind Hensen's actions.[1] Rather, Jackson proposes to do no more than add the town's name to the complaint. Accordingly, I find that granting leave to amend would be futile and will deny Jackson's motion for such leave. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (court may deny leave to amend where the

---

[1] In this regard, I note that Jackson has not complied with this court's local rule governing motions for leave to amend, which require a movant to attach a copy of the proposed amended pleading to the motion to amend. *See* Civ. L.R. 15(b) (E.D. Wis. 2010, rev. Dec. 2015).

amendments would be futile). Moreover, because I can detect no plausible claim for relief against the City of Elkhorn or the County of Walworth, I will deny the plaintiff's request to add these municipalities as defendants.

Finally, I address the plaintiff's motion for reconsideration of my order dismissing his claims against the Walworth County Circuit Court, Judge Race, the Walworth County District Attorney's Office, and District Attorney Wiedenfeld. The plaintiff contends that I wrongly dismissed his claims against Judge Race and D.A. Wiedenfeld on the ground that they are absolutely immune from suit. He does not address my reasons for dismissing the circuit court and the D.A.'s office, which were that these entities are not suable and that, even if they were, they would not be "persons" within the meaning of § 1983 because they are arms of the State of Wisconsin. In any event, I see no grounds for reconsidering my dismissal of these four defendants and will stand on the reasons given in the dismissal order. The motion for reconsideration will be denied.

Because this order disposes of all remaining claims in this case, I will direct the Clerk of Court to enter final judgment.

For the reasons stated, **IT IS ORDERED** that the Bloomfield Police Department's motion to dismiss (ECF No. 67) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file an amended complaint (ECF No. 70) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for reconsideration (ECF No. 69) is **DENIED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 25th day of October, 2018.

                                       s/Lynn Adelman
                                       LYNN ADELMAN
                                       District Judge